IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RAVEN WILLIAMS, et al.,                §
                                       §
                   Plaintiffs,         §
                                       §
VS.                                    §   Civil Action No. 3:25-CV-2133-D
                                       §
DELANDOE WATTS, et al.,                §
                                       §
                   Defendants.         §

MEMORANDUM OPINION
AND ORDER

In this removed action arising from a motor vehicle accident, the court addresses the

discovery disputes presented by the following pleadings:

- plaintiffs' January 9, 2026 objections to defendants' depositions by written

  questions/subpoenas and motion to quash or modify;

- defendants' January 16, 2026 motion to compel plaintiffs' medical providers'

  responses to deposition by written questions and subpoena duces tecum;[1]

- plaintiffs' February 18, 2026 objections to defendants' depositions by written

  questions/subpoenas to Sheth MD, PA D/B/A Lone Star Neurology ("Sheth

  MD") and motion to quash or modify; and

- defendants' March 2, 2026 motion to compel Sheth MD's responses to

---

[1]This motion is part of a combined pleading that also includes defendants' response
to plaintiffs' motion to quash.

deposition by written questions and subpoena duces tecum.[2]

For the following reasons, the court raises *sua sponte* that plaintiffs lack standing to challenge defendants' subpoenas, denies plaintiffs' motions to quash, and denies as moot defendants' motions to compel.

I

Plaintiffs Raven Williams ("Williams") and Javante Jones ("Jones") were injured when a tractor-trailer driven by defendant Delandoe Watts ("Watts") collided with their vehicle. Williams and Jones filed the instant lawsuit against Watts, his purported employer, and the purported owner(s) of the tractor-trailer to recover damages, including past medical expenses, for the injuries they sustained in the collision.

Defendants issued notices of intent to take depositions on written questions, accompanied by subpoenas, to plaintiffs' medical providers, including Sheth MD, none of whom is a party to this lawsuit. Plaintiffs object in part to defendants' written questions and document requests and move to quash or modify them.[3] Defendants oppose the motions and

---

[2]This motion is part of a combined pleading that also includes defendants' response to plaintiffs' motion to quash.

[3]Defendants' written questions to which plaintiffs object are these:

> 34.   Approximately what percentage [medical provider's] patients utilize some form of insurance, whether governmental or private, to pay for the services provided by [medical provider]? Are all of those services reimbursed at less than the billed amount?

> 35. Is it a common practice for [medical provider] to accept less

move to compel responses.

On June 17, 2026 the parties filed a joint status letter  informing the court that certain

of plaintiffs' providers—i.e., First Baptist Medical Center, Merge Health, Harmony Implants,

---

> than the amount [medical provider] bills for the services it provides?
>
> 36.   In cases such as this where the patient is involved in litigation and [medical provider] is not paid until after the lawsuit is resolved, does [medical provider] typically accept less than the amount [medical provider] billed for the services it provided?

P. Objs. (ECF No. 25) at 3 (alterations in original).  Plaintiffs also object to defendants' subpoena for the following documents:

> 5. All contracts and agreements between [medical provider] and any of the following, or any of their affiliates or agents, relating to or containing any contractual rates applicable to the medical services provided to Raven Williams by [medical provider] from 8/19/2023 to the present, including but not limited to any rate agreements, rate sheets, managed care agreements, and chargemaster rates specific to each of the following:
>> a. Blue Cross Blue Shield,
>> b. United Healthcare,
>> c. Aetna,
>> d. Cigna,
>> e. Humana, and
>> f. any other insuring provider.
>
> This request specifically seeks any contracts, agreements or rates that *would have* been applicable to any medical services provided to Raven Williams for the time period requested, regardless of whether any applicable contractual rates were actually applied and regardless of whether any bills or charges for medical services provided to Raven Williams were actually submitted to any insurance carrier for payment.

*Id.* at 5.

Medical Provider Services, Lighthouse Anesthesia, Usiom, and NP Healthcare (the "Responding Providers")—have reached an agreement with defendants and have produced the requested information under a protective order, and that Sheth MD has not filed a response or produced any responses or objections to defendants' requests.

II

To the extent that the Responding Providers have already responded to defendants' subpoenas, the court denies plaintiffs' January 9, 2026 motion to quash and defendants' January 16, 2026 motion to compel as moot.

III

To the extent that the non-parties to whom defendants have issued subpoenas have *not* responded, the court raises *sua sponte*[4] that plaintiffs lack standing to quash or modify the non-party subpoenas.

"A party's standing to quash subpoenas served on non-parties pursuant to [Fed. R. Civ. P.] 45 is limited." *MC Trilogy Tex., LLC v. City of Heath, Tex*., 2023 WL 5918925, at *9 (N.D. Tex. Sept. 11, 2023) (Fitzwater, J.). To have standing, "[t]he movant must 'be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena.'" *Id*. (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). "The movant may establish

---

[4]Before addressing the substance of plaintiffs' motion, "the Court has an independent obligation to examine standing." *Equal Emp. Opportunity Comm'n v. Charles W. Smith & Sons Funeral Home, Inc.*, 2022 WL 3566927, at *2 (E.D. Tex. Aug. 18, 2022) (addressing standing requirements to motion to quash *sua sponte*).

a 'personal right' to subpoenaed materials requested from a non-party in limited circumstances, such as when 'the subpoena seeks confidential or protected information sensitive to the movant.'" *Allen v. Amazon*, 2025 WL 3719889, at \*2 (N.D. Tex. Dec. 23, 2025) (Fitzwater, J.) (quoting *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2011 WL 90108, at \*2 (M.D. La. Jan. 11, 2011) (collecting cases). "A party challenging a subpoena issued to a non-party may not object on the grounds that it . . . is overly broad, or that the subpoena seeks information that is irrelevant[,] because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds." *Id.* (second alteration in original) (quoting *Deitz v. Performance Food Grp., Inc.*, 2021 WL 2715974, at \*1 (W.D. Tex. Apr. 21, 2021)).

The court holds that plaintiffs lack standing to challenge the subpoenas served on their non-party medical providers, including Sheth MD. Plaintiffs' contention that defendants' discovery requests are irrelevant, not narrowly tailored, and not proportional to the needs of the case is, alone, insufficient to provide them standing. *See, e.g.*, *Donaldson v. Crisp*, 2023 WL 6201372, at \*5 (E.D. Tex. Sept. 21, 2023) ("[A] party 'cannot challenge a subpoena issued to a non-party on the basis that it is overbroad, irrelevant, or unduly burdensome.'" (citation omitted) (collecting cases)); *Harris v. Henry*, 2023 WL 5541077, at \*3 (W.D. Tex. Aug. 28, 2023) ("A party may not challenge a subpoena to a third party on the grounds that the information sought is not relevant or imposes an undue burden." (citations omitted)). And plaintiffs have not established that they have a personal right to or privilege in the information sought. *See, e.g.*, *MC Trilogy Tex., LLC v. City of Heath, Tex.*, 2023 WL

7190652, at *6 (N.D. Tex. Nov. 1, 2023) (Fitzwater, J.) (denying motion to quash or modify where "it is not obvious that the subpoenas at issue here seek [movant]'s private information.").

Accordingly, to the extent that plaintiffs' motions to quash are not moot, the court denies them for lack of standing.

IV

In their responses to plaintiffs' motions to quash, defendants request that the court deny plaintiffs' motions and compel the requested responses. The court today is denying plaintiffs' motions to quash. Defendants do not provide any other reason (other than due to plaintiffs' pending motions to quash) why an order compelling responses is necessary or presents a live issue that requires the court's resolution. Accordingly, the court denies defendants' motions to compel without prejudice as moot.

\* \* \*

For the foregoing reasons, the court denies plaintiffs' January 9, 2026 and February 18, 2026 motions to quash and denies without prejudice defendants' January 16, 2026 and March 2, 2026 motions to compel.

**SO ORDERED**.

June 22, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 6 -